JOSHUA STEPHENSON, Petitioner Below-Appellant,
v.
STATE OF DELAWARE, Respondent Below-Appellee.
No. 203, 2008.
Supreme Court of Delaware
Submitted: November 21, 2008.
Decided: February 4, 2009.
Before HOLLAND, BERGER, and JACOBS Justices.

ORDER
Carolyn Berger, Justice.
This 4th day of February 2009, upon consideration of the parties' briefs and the record below, it appears to the Court that:
(1) The appellant, Joshua Stephenson, filed this appeal from the Superior Court's order, dated April 16, 2008, denying his petition for a writ of habeas corpus. Stephenson's opening brief on appeal[1] does not raise any issue with respect to the Superior Court's denial of habeas relief. Instead, Stephenson contends that his Eighth Amendment rights were violated when, he alleges, he was assaulted by correctional officers in August 2007. We find no merit to Stephenson's appeal. Accordingly, we affirm the Superior Court's judgment.
(2) The record in this case reflects that Stephenson was indicted in September 2007 on a charge of assault in a detention facility. The charge arose from an August 2007 incident during which Stephenson allegedly assaulted a correctional officer in his cell and had be to forcibly subdued by other officers. After his indictment, the State and defense counsel agreed that Stephenson was not competent to stand trial. Consequently, on December 3, 2007, the Superior Court entered an order that Stephenson be transferred to DPC for treatment until such time as he was deemed competent to stand trial. On April 11, 2008, Stephenson filed a pro se petition for a writ of habeas corpus, which the Superior Court denied. After he filed this appeal, Stephenson filed a second petition for a writ of habeas corpus. The Superior Court dismissed the second petition as moot because it found, based on an updated psychological report, that Stephenson was competent to stand trial. Therefore, Stephenson was ordered to be transferred from DPC's custody back to the custody of the Department of Correction. On August 25, 2008, Stephenson pled guilty to one count of second degree assault, as a lesser included offense. He has not filed an appeal from that conviction and sentence.
(3) In Delaware, the writ of habeas corpus provides relief on a very limited basis.[2] Pursuant to 10 Del. C. § 6902, habeas relief is not available to one who is committed or detained on a felony charge that is fully and plainly set forth in the commitment order. In this case, Stephenson was validly held at DPC pursuant to the Superior Court's commitment, which ordered that Stephenson be held at DPC until he was deemed competent to stand trial on the indicted charge of assault in a detention facility.[3] His commitment to DPC was valid on its face. Accordingly, we find no error in the Superior Court's denial of habeas relief. Moreover, Stephenson's guilty plea to a lesser included offense rendered this appeal from the Superior Court's denial of habeas relief moot. Stephenson's argument that his Eighth Amendment rights were violated during the events leading to his arrest for assaulting a correctional officer are not properly considered in this appeal from the denial of habeas relief.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Stephenson wrote a letter to the Deputy Court Clerk dated June 29, 2008. In a subsequent letter, dated July 10, 2008, Stephenson requested that the Court deem his June 29 letter to be his opening brief on appeal.
[2] Hall v. Carr, 692 A.2d 88 (Del. 1997).
[3] See 11 Del. C. § 404 (providing that the Superior Court may order an accused to be confined and treated at DPC until the accused is competent to stand trial).